**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEPHANIE MOORE,** ) | **CASE NO. 1:11CV30** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **S. GEARHART, BADGE 1464** ) | |
| **MANSFIELD POLICE DEPT.,** ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |

On April 28, 2011, the Court held a Case Management Conference at the Akron Federal Courthouse at which the Plaintiff, Stephanie Moore, did not appear. Notice of the conference was sent to Moore at the address in Mansfield, Ohio as listed on the docket sheet. The Court then scheduled a Show Cause Hearing ordering Moore to appear on May 10, 2011, at the Cleveland Federal Courthouse. Again, notice was sent to her at the Mansfield address. None of the notices were returned as undeliverable. She has failed to appear or respond in any manner.

The Court finds that dismissal is appropriate for failure to prosecute. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed.R.Civ.P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980) (*quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)); *see also Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994). As the *Carter* Court explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a

pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161 (*quoting J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323 (7th Cir. 1976) (*per curiam*)).  Thus, the Court recommends that Moore's Complaint be dismissed with prejudice for failure to prosecute.

                                               s/ Greg White
                                               United States Magistrate Judge

Date:     May 10, 2011

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters***, 638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**